**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN ANNE MCDERMOTT, | No. 09-35937 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01693-MJP |
| v. | |
| MICHAEL J. ASTRUE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted June 11, 2010[**]
Seattle, Washington

Before: CALLAHAN and IKUTA, Circuit Judges, and BENITEZ, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

Susan McDermott ("McDermott") appeals the district court's judgment affirming the Commissioner of Social Security's denial of her application for Disability Insurance Benefits and Supplemental Security Income following a hearing before an administrative law judge ("ALJ").[1] Because substantial evidence supports the ALJ's determination, we affirm.

Absent any evidence of malingering, the ALJ was required to provide clear and convincing reasons for discounting McDermott's testimony about the extent of her impairments. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160-61 (9th Cir. 2008). McDermott testified as to the nature and severity of her physical limitations, but the ALJ found McDermott's statements to be inconsistent with the evidence offered by physicians that she had the residual functional capacity ("RFC") to perform sedentary work and the record of her various daily activities, which included performing various chores, shopping and gardening. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008). We find the ALJ's reasons for discounting McDermott's testimony to be clear, convincing, and supported by substantial evidence.

---

[1] The parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision.

McDermott also contends that the ALJ failed to address all of the functional limitations identified in the medical reports of the examining and non-examining physicians. *See* Social Security Ruling ("SSR") 96-8p; *see also Carmickle*, 533 F.3d at 1164. We conclude that the ALJ's RFC determination is consistent with the record evidence, explains the inconsistencies in the evidence between the physicians' reports and McDermott's subjective symptom testimony, and adequately sets forth the basis for its determination. *See* SSR 96-8p; *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Finally, because the ALJ did not err in his RFC determination, the hypothetical presented to the vocational expert at step five was not incomplete. The ALJ properly identified that McDermott had the transferable skills of "record keeping, and public interaction with respect to animals" required to work as an animal shelter clerk based on the evidence and the vocational expert's testimony. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1223-26, 1228 (9th Cir. 2009).

**AFFIRMED.**